12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Boyd FILLINGAME, Jr., aka Lonnie Allen Hutchens,
Randy Hutchens, Lyle Little, Edward Joseph Foley,
Randy W. Sammones, Defendant-Appellant.
 No. 92-30477.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Nov. 16, 1993.
 
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Boyd Fillingame appeals his 210-month sentence, which was imposed after he pled guilty to conspiracy to manufacture methamphetamine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(C), and 846. Fillingame contends that the district court erroneously calculated the amount of methamphetamine producible by the drug laboratory he was operating. We affirm.
 
 
 3
 Essentially, Fillingame's claim is that the evidence before the district court did not support its determination regarding the scale of his offense. See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1, comment. (n. 12) (Nov. 1992). The district court is entitled to consider "the size or capability of any laboratory involved" when it makes that determination. Id. Here the court did just that. What Fillingame asserts, however, is that the court should have determined that the laboratory had no capability because one precursor chemical was not present and might not have been obtainable, or that it should have calculated capability based on the least abundant precursor present. We do not agree.
 
 
 4
 As we have said, "the absence of a required chemical does not preclude a finding of lab capability that is based on an assumption that the missing chemical could have been obtained." United States v. Williams, 989 F.2d 1061, 1073 (9th Cir.1993); United States v. Bertrand, 926 F.2d 838, 846-47 (9th Cir.1991). Nor is the court's estimate limited by the quantity of the least abundant precursor chemical present. United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991).
 
 
 5
 The evidence here was quite sufficient to allow the district court to determine that Fillingame was capable of producing the quantity of methamphetamine ascribed to his lab and to him by the unchallenged police lab report. Among other things, methamphetamine had already been produced, and he was the cook recruited for his experience by the other conspiracy members. Moreover, the others had shown the capability of obtaining chemicals when they needed them. They and Fillingame were no mere dabblers. It was reasonable to infer that the co-conspirators had not obtained the precursors on hand for the fun of it and that they could get the rest of the chemicals needed to complete their scheme. There was no evidence to the contrary.
 
 
 6
 Thus, the district court did not err when it calculated the capability of the drug laboratory.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3